Michele JARMAN–BROWN and Robert Brown, Plaintiffs–Appellants,

v.

Arthur S. STORCH, Charles Alifano, Robert Glass, Patrick O'Malley, Joseph Falco, Agapito Soler, a/k/a Junior Soler, George. Grasso, Patrick J. Harnett, City of New York and James Papaemanuel, Defendants–Appellees.

No. 03–7437.

United States Court of Appeals, Second Circuit.

May 12, 2004.

Robert Brown, Staten Island, New York, for Appellant.

Dawn Baker, Corporation Counsel's Office for the City of New York, (Michael A. Cardozo, Francis F. Caputo, Paul L. Herzfeld), New York, NY, for Appellee, of counsel.

Present: SACK, SOTOMAYOR, Circuit Judges, and KAPLAN, District Judge.*

**SUMMARY ORDER**

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Plaintiff-appellants Robert Brown and Michele Jarman–Brown brought suit in the district court, alleging that the defendants violated (1) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, (2)

* Of the United States District Court for the Southern District of New York, sitting by designation.

42 U.S.C. § 1983, and (3) the New York Human Rights Laws, by discriminating against and sexually harassing Jarman–Brown and by retaliating against both appellants for complaining about it. The plaintiffs voluntarily dismissed their claims against defendants Robert Glass, James Papemanuel, Agapito Soler, and Patrick O'Malley. The jury awarded $2.00 in nominal damages to Brown for his claim against defendant Arthur S. Storch but otherwise found in favor of the defendants on the remaining claims. The plaintiffs appeal the district court's denial of their post-judgment motions for judgment as a matter of law and for a new trial.

Brown argues that the district court erred in denying his motions for judgment as a matter of law, *see* Fed.R.Civ.P. 50, and for a new trial, *see* Fed.R.Civ.P. 59, because no reasonable jury could have awarded only nominal damages. Appellants' Br. at 31. This claim is not reviewable on appeal insofar as it is a challenge to the weight of the evidence. *Stonewall Ins. Co. v. Asbestos Claims Mgmt. Corp.*, 73 F.3d 1178, 1199 (2d Cir.1995). Moreover, Brown did not object to the district court's instruction allowing the jury to award nominal damages, nor has he demonstrated that this instruction was plain error. Fed.R.Civ.P. 51(d)(2). Finally, after reviewing the record before us, we are convinced that there is legally sufficient evidence to support the jury's finding that Brown failed to establish that he was entitled to more than nominal damages. *See Patrolmen's Benevolent Ass'n v. City of New York*, 310 F.3d 43, 55–56 (2d Cir. 2002).

The plaintiffs have presented no alternative, adequate grounds for a new trial. Fed.R.Civ.P. 59. The plaintiffs claim that the district court erred by refusing to accept a recommended jury instruction from the magistrate judge who oversaw discovery. However, the magistrate judge's *rec-*

*ommendation* had no binding effect on the district court. Similarly, the plaintiffs have not demonstrated that the district court clearly erred by excluding evidence on the grounds that it was of little relevance or cumulative. *See Gerber v. Computer Assocs. Int'l, Inc.*, 303 F.3d 126, 136–37 (2d Cir.2002); Fed.R.Evid. 403. Finally, although the plaintiffs suggest that they were prejudiced by defense counsel's improper remarks to the jury, this claim was not made in the district court, and the plaintiffs have not demonstrated that the district court plainly erred by not remedying this alleged impropriety. *Cruz v. Jordan*, 357 F.3d 269, 271 (2d Cir.2004).

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.